***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives. Therefore, the Full Commission enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties before the hearing in a Pre-Trial Agreement and at the hearing as
 STIPULATIONS
1. An employee-employer relationship existed at the time of the incident.
2. At the time of the incident Gate Petroleum Company was insured by Crawford Company.
3. The date of the injury was June 16, 1997.
4. At the time of the incident, the parties were subject to the North Carolina Workers' Compensation Act, the employer employing the requisite number of employees to be bound under the provisions of said Act.
5. Plaintiff's average weekly wage is $320.00.
6. The depositions of George Lentz, Dr. Forman and Dr. Koinis have been received and admitted into evidence.
7. The sole issue for determination is whether the Order filed on January 26, 2001 by Executive Secretary, Tracey H. Weaver, requiring plaintiff Samuel Williams III to comply with reasonable vocational rehabilitation services provided by defendants should be overturned.
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following additional
 FINDINGS OF FACT
1. Plaintiff, Samuel Williams, III was employed by defendant-employer, Gate Petroleum Company as a laborer beginning in January 1997.
2. On June 16, 1997, plaintiff was injured in the course and scope of his employment while attempting to hook a stressing jack to a wire strand, when one of the wire strands snapped, whipped through the air, and struck plaintiff in the head, causing a puncture wound to his skull.
3. On June 24, 1997, defendants filed a Form 60, Employer's Admission of Employee's Right to Compensation as required by N.C. Gen. Stat. §97-18(b). Plaintiff was paid his entire wages for the date of injury, and has received workers' compensation benefits for temporary total disability since June 24, 1997.
4. In February 2000, after undergoing significant medical treatment, plaintiff's condition improved such that his physicians indicated he could return to the work force with certain work restrictions.
5. Upon learning that plaintiff's physicians authorized plaintiff's return to work with restrictions, defendants retained Crawford 
Company Case Management Services to assist plaintiff with his return to work efforts.
6. Crawford Company assigned George Lentz as the vocational consultant to manage plaintiff's case.
7. Mr. Lentz repeatedly attempted to contact plaintiff's physicians, including Dr. Van Landingham and Dr. Forman, for approval of employment positions and for opinions and recommendations of plaintiff to apply for certain employment.
8. Mr. Lentz received no response from Dr. Van Landingham or Dr. Forman regarding plaintiff's ability to return to work in any of the positions Mr. Lentz suggested.
9. Sometime during July 2000, plaintiff notified Mr. Lentz that he suffered a recurrence of seizures, for which he was treating with his family physician, and that his physician ordered him not to drive for a period of six months.
10. Mr. Lentz continued to write plaintiff's physicians regarding his ability to return to work and to attempt to recommend positions, and sought verification regarding plaintiff's claim of driving restrictions.
11. When Mr. Lentz received confirmation from Dr. Turner, plaintiff's family doctor, that plaintiff was under driving restrictions, he recommended to plaintiff that instead of attempting to reenter the work force, he should enroll in a Human Resources Development Program at Vance-Granville Community College as part of reasonable vocational rehabilitation. This recommendation was made via a letter to plaintiff dated November 8, 2000.
12. The Human Resources Development Program is designed to offer support for persons who are unemployed and underemployed, and consists of basic skills classes such as keyboarding and computer skills, coaching for interviews, and provides a support network for peers going through the job-search process.
13. During the months of November and December 2000, plaintiff refused to make contact with the coordinator of the program, and refused to participate in the program.
14. Due to plaintiff's refusal to participate in reasonable vocational rehabilitation efforts, defendants filed a Form 24, Application to Terminate or Suspend Benefits.
15. Prior to filing the Form 24, defendants by and through its agent Mr. Lentz, made all reasonable efforts to correspond and make contact with plaintiff's physicians to make determinations regarding what back to work efforts were appropriate given plaintiff's limitations and work restrictions.
16. Prior to filing the Form 24, defendants and its agent, Mr. Lentz made all reasonable efforts to provide vocational rehabilitation for plaintiff.
17. Defendants' Motion was heard on January 26, 2001 before Executive Secretary, Tracey H. Weaver.
18. Executive Secretary Weaver issued an Order requiring plaintiff to participate fully in the Human Resources Development Program.
19. Plaintiff subsequently entered the program, but quickly withdrew, and has not made any effort to reenroll, nor has he otherwise attempted to reenter the work force.
20. Plaintiff filed a Form 33, Request for Hearing, to appeal the Order entered by Executive Secretary Weaver on January 26, 2001. That Motion was heard before Deputy Commissioner Wanda Blanche Taylor on April 18, 2002.
21. In order to more fully develop the facts surrounding plaintiff's medical condition in November and December 2000, Deputy Commissioner Taylor allowed the depositions of two of plaintiff's physicians, as well as Mr. Lentz for the limited purpose of eliciting testimony regarding whether plaintiff was capable of participating in the program recommended by Mr. Lentz in November and December 2000.
22. According to the Order of Deputy Commissioner Taylor, plaintiff took the depositions of Dr. Leslie Forman and Dr. Thomas Koinis.
23. Plaintiff failed to elicit testimony by either physician that would establish any medical reason rendering plaintiff incapable of participating in the Human Resources Development Program recommended by Mr. Lentz and as Ordered by Executive Secretary Weaver.
24. Plaintiff's physicians described him as capable of attending and participating in the Human Resources Development Program in November and December 2000, as Ordered by Executive Secretary Weaver.
25. It will be beneficial to both sides if the parties strive to improve their lines of communication.
26. The Vocational Rehabilitator should communicate with Dr. Forman as he is the one who is directing plaintiff's medical treatments so that there is a coordinated effort to assist the plaintiff. Likewise, Dr. Forman should timely communicate with the Vocational Rehabilitator.
 ***********
The foregoing stipulations and findings of fact engender the following additional
 CONCLUSIONS OF LAW
1. On June 16, 1997, plaintiff suffered a compensable injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's participation in the Human Resources Development Program as Ordered by Executive Secretary Weaver is a reasonable vocational rehabilitation effort. The opinions and testimony of Dr. Leslie Forman do not establish that plaintiff was incapable of participating in the Human Resources Development Program. The opinions and testimony of Dr. Thomas Koinis do not establish that plaintiff was incapable of participating in the Human Resources Development Program. Plaintiff unreasonably refused to accept the vocational rehabilitation provided by defendants and as ordered by Executive Secretary Weaver on January 26, 2001 wherein the Executive Secretary also warned plaintiff that his failure to comply with her Order could result in suspension or termination of compensation. Thus for plaintiff's unjustified failure to cooperate, his weekly compensation of $213.34 is suspended until such time as his refusal ceases. N.C. Gen. Stat. § 97-25.
3. If plaintiff's doctors have stated that he is unable to drive, plaintiff is entitled to have defendants provide transportation to and from vocational rehabilitation. N.C. Gen. Stat. § 97-25.
 ***********
The foregoing stipulations, findings of fact and conclusions of law engender the following
 ORDER
1. Plaintiff's appeal of the Order entered by Executive Secretary Weaver on January 26, 2001 requiring plaintiff to participate fully in the Human Resources Development Program at Vance-Granville Community College is DENIED. The Order of January 26, 2001 entered by Executive Secretary Weaver was appropriate at that time and plaintiff is hereby required to comply with the Order. Given the particular circumstances in this case, plaintiff's weekly compensation of $213.34 is suspended until such time as he demonstrates actual compliance with appropriate vocational rehabilitation. Review of plaintiff's subsequent compliance should be closely reviewed in light of plaintiff's injuries and how they are manifested.
2. Should plaintiff's doctors indicate that plaintiff is unable to drive, plaintiff is entitled to have defendants provide transportation to and from vocational rehabilitation.
3. Both parties should work to improve the lines of communication. The Vocational Rehabilitator shall communicate with plaintiff's treating physician who is directing plaintiff's medical treatment in order to further assist plaintiff and Dr. Forman shall timely communicate with the designated Vocational Rehabilitator.
4. Each side shall bear its own costs.
This the 26th day of November 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER